IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDITH T. HOLMES, )
)
    Plaintiff, )
)
    vs. ) CIVIL NO. 18-cv-547-CJP[1]
)
COMMISSIONER of SOCIAL SECURITY, )
)
    Defendant. )

## **MEMORANDUM AND ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendant's Motion for Remand to the Commissioner. **(Doc. 19)**.

Defendant asks that this case be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A sentence four remand (as opposed to a sentence six remand) depends upon a finding of error, and is itself a final, appealable order. See, *Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Perlman v. Swiss Bank Corporation Comprehensive Disability Protection Plan*, 195 F.3d 975, 978 (7th Cir. 1999). Upon a sentence four remand, judgment should be entered in favor of plaintiff. *Shalala v. Schaefer*, 509 U.S. 292, 302-303 (1993).

Plaintiff filed a response at Doc. 20. She points out that the ALJ issued a partially favorable decision, finding her disabled from October 31, 2012, through

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 13.

1

July 1, 2014, but not thereafter. The Commissioner has released the benefits that were due her for the period before July 2, 2014, and that part of the ALJ's decision is not in dispute here. She agrees that this case should be remanded for reconsideration as to the period beginning July 2, 2014. She does not object to the motion otherwise.

Upon remand, as to the period beginning July 2, 2014, "the ALJ will: (1) develop and obtain updated treatment records; (2) if warranted, obtain medical expert testimony concerning the nature and severity of Plaintiff's impairments; (3) further evaluate the nature and severity of Plaintiff's mental and physical impairments; (4) further evaluate Plaintiff's residual functional capacity, and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations; (5) if warranted, obtain vocational expert testimony; (6) if a finding of medical improvement was made, provide adequate rationale supporting such finding and the finding regarding the date of medical improvement; and (7) issue a new decision."

Plaintiff applied for disability benefits in November 2014. (Tr. 16). While recognizing that the agency has a full docket, the Court urges the Commissioner to expedite this case on remand.

For good cause shown, defendant's Agreed Motion for Remand to the Commissioner **(Doc. 19)** is **GRANTED**.

The final decision of the Commissioner of Social Security denying plaintiff's application for social security benefits for the period beginning July 2, 2014, is

**REVERSED and REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of Court is directed to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

**DATED: August 23, 2018.**

                                            **s/ Clifford J Proud**
                                            **CLIFFORD J. PROUD**
                                            **UNITED STATES MAGISTRATE JUDGE**